Filed 10/29/24  P. v. Canela CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D083568 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD251838) |
| IGNADO CANELA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Rachel Cano, Judge.  Affirmed.

Ignacio Canela in pro. per., and Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

INTRODUCTION

Ignado Canela appeals from an order denying his petition for resentencing under Penal Code[1] section 1172.6.  His appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Canela filed a supplemental brief.  We have reviewed the issues raised in

---

[1]     Undesignated statutory references are to the Penal Code.

Canela's supplemental brief and have independently reviewed the record. (*Id*. at p. 232.)   We find no reasonably arguable appellate issues and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2016, a jury convicted Canela of attempted premeditated murder of a peace officer (§§ 187, subd. (a) & 664, subd. (e), count 1); felon in possession of a firearm (§ 29800, subd. (a)(1), count 2); felon in possession of ammunition (§ 30305, subd. (a)(1), count 3); carrying a loaded firearm in public (§ 25850, subd. (a), count 5); possession of a burglary tool (§ 466, count 12); failure to appear (§ 1320.5, count 14); felony evasion (Veh. Code, § 2800.2, subd. (a), count 4); transportation of a controlled substance (methamphetamine) (Health & Saf. Code, § 11379, subd. (a), count 6); possession for sale of a controlled substance (methamphetamine) (*id.*, § 11378, count 7); possession of a controlled substance (hydrocodone) (*id.*, § 11377, subd. (a), count 8); possession of a controlled substance (diazepam) (*ibid.*, count 9); possession of a controlled substance (methamphetamine) (*ibid.*, count 10); possession of a controlled substance (cocaine) (*id.*, § 11350, subd. (a), count 11); and possession of narcotics paraphernalia (*id.*, § 11364.1, subd. (a), count 13).

The jury also found that as to count 1, Canela personally used and discharged a firearm causing great bodily injury (§ 12022.53, subds. (b), (c) & (d)); as to counts 4, 6, and 7, Canela was armed with a firearm (§ 12022, subd. (a)(1)); as to count 5, that the firearm being carried by Canela was stolen (§ 25850, subd. (c)(2)); as to counts 6, 7 and 10, that Canela had a qualifying prior narcotics conviction (Health & Saf. Code, § 11370.2, subd. (c)); as to counts 1 to 9, and 14, that Canela committed the offenses while out of custody on bail  (§ 12022.1, subd. (b)); and that Canela had four prison priors (§ 667.5, subd. (b)).  The trial court sentenced Canela to prison for 14 years plus a consecutive term of 40 years to life.

2

This court affirmed the judgment in the direct appeal. (*People v. Canela* (Jan. 16, 2018, D070607) [nonpub. opn.].)

In May 2023, Canela filed a section 1172.6 petition for resentencing, alleging he could no longer be convicted of attempted murder under the amendments to sections 188 and 189. After appointment of counsel, briefing by the parties, and a hearing, the superior court issued a written decision denying the petition. The court found Canela failed to state a prima facie claim for relief under section 1172.6, because the record of conviction established Canela was the actual perpetrator of the attempted murder.

## DISCUSSION

Canela's appellate counsel has filed a brief raising no issues and requesting this court proceed pursuant to *Delgadillo, supra*, 14 Cal.5th 216. Counsel identifies the following issue to assist the court in its review: Does the record of conviction support the trial court's conclusion that Canela is ineligible for resentencing relief as a matter of law?

Based on our independent review of the record, we conclude the trial court properly denied Canela's section 1172.6 petition at the prima facie stage. At Canela's trial, the jury was instructed that attempted premeditated murder was the willful, deliberate, and intentional attempted killing of another person. The jury was further instructed that to find Canela guilty of attempted murder of a peace officer, the jury was required to find that when Canela attempted the murder, he knew or reasonably should have known that the victim was a peace officer. There were no codefendants at Canela's trial, and no instructions were given for felony murder, natural and probable consequences, or imputed malice. The record of conviction thus establishes that in convicting Canela of attempted murder of a peace officer, the jury

3

determined he was the actual perpetrator. He is therefore ineligible for section 1172.6 relief as a matter of law. (See *People v. Garcia* (2022) 82 Cal.App.5th 956, 969–971 [affirming denial of section 1172.6 resentencing where record of conviction "unequivocally establishes" defendant was the sole perpetrator].)

Canela's contentions in his supplemental brief are without merit. He claims the People are withholding DNA evidence and an alcohol analysis report that he requested during his section 1054.9 postconviction discovery proceedings. The purpose of a section 1172.6 proceeding, however, " 'is to give defendants the benefit of amended sections 188 and 189' " and " 'not to provide a do-over' " on unrelated issues regarding their conviction. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) The issues raised by Canela in his supplemental brief are thus outside the scope of his section 1172.6 proceedings, and he fails to raise any meritorious arguments for appeal.

DISPOSITION

The order denying Canela's petition for resentencing under section 1172.6 is affirmed.

DO, J.

WE CONCUR:

IRION, Acting P. J.

CASTILLO, J.

4